# Exhibit 1

**VILLAGE OF SANFORD**
**MIDLAND COUNTY, MICHIGAN**
**ORDINANCE AUTHORIZING AND PERMITTING**
**ADULT-USE MARIJUANA ESTABLISHMENTS**

**ORDINANCE NO. 43**

At a regular meeting of the Village Council of Village of Sanford, Midland County, Michigan, held at the American Legion Hall on April 6, 2022, at 8 p.m., Village Council Member Carl Hamann moved to adopt the following Ordinance, which motion was seconded by Village Council Member Lon Wackerle:

> *An Ordinance to implement the provisions of the Michigan Regulation and Taxation of Marihuana Act, Initiated Law 1 of 2018, which authorizes the licensing and regulation of Marijuana Establishments and affords the Village the option whether or not to allow Marijuana Establishments; to regulate Marijuana Establishments by requiring a Permit and compliance with requirements as provided in this Ordinance, in order to maintain the public health, safety and welfare of the residents and visitors to the Village.*

THE VILLAGE OF SANFORD ORDAINS:

**SECTION 1. TITLE.** This ordinance shall be known as, and may be cited as, the Village of Sanford Michigan Regulation and Taxation of Marijuana Ordinance.

**SECTION 2. DEFINITIONS.** The following words and phrases shall have the following definitions when used in this Ordinance:

1.  "*Application*" means an Application for a Permit under this Ordinance and includes all supplemental documentation attached or required to be attached thereto; the Person filing the Application shall be known as the *"Applicant."*

2.  "*Co-location*" means the operation of separate Establishments or separate MMFLA Facilities at the same location, Permitted Premises, or Permitted Property.

3.  "*Cultivate*" means as that term is defined in Initiated Act 1 of 2018, MCL 333.27951, et seq, Michigan Regulation and Taxation of Marihuana Act ("MRTMA").

4.  "*Marijuana Establishment*" or "*Establishment*" means a marijuana grower, marijuana safety compliance facility, marijuana processor, marijuana microbusiness, marijuana retailer, marijuana secure transporter, designated consumption establishment, excess marijuana grower, marijuana event organizer, temporary marijuana event license, or any other type of marijuana-related business Licensed by the department.

    a.  "*Marijuana grower*," as that term is defined in the MRTMA; and

    b.  "*Marijuana microbusiness*," as that term is defined in the MRTMA; and

    c.    "*Marijuana processor*," as that term is defined in the MRTMA; and

    d.    "*Marijuana retailer*," as that term is defined in the MRTMA; and

    e.    "*Marijuana secure transporter*," as that term is defined in the MRTMA; and

    f.    "*Marijuana safety compliance facility,*" as that term is defined in the MRTMA; and

    g.    "*Designated consumption establishment,*" as that term is defined by the Department or as may be defined in the MRTMA; and

    h.    "*Excess marijuana grower,*" as that term is defined by the Department or as may be defined in the MRTMA; and

    i.    "*Marijuana event organizer,*" as that term is defined by the Department or as may be defined in the MRTMA; and

    j.    "*Temporary marijuana event*" as that term is defined by the Department or as may be defined in the MRTMA.

5. "*Department*" means the Michigan State Department of Licensing and Regulatory Affairs or any designated Michigan agency authorized to regulate, issue or administer a Michigan License for a Marijuana Establishment.

6. "*License*" means a current and valid License for a Marijuana Establishment issued by the State of Michigan.

7. "*Licensee*" means a Person holding a current and valid Michigan License for a Marijuana Establishment.

8. "*Marijuana*" means that term as defined Section 7106 of the Michigan Public Health Code, 1978 PA 368, MCL 333.7106 and as defined in the MRTMA.

9. "*Permit*" means an approval issued by the Village pursuant to the MRTMA that allows a Person to operate an Establishment in the Village under this Ordinance, which Permit may be granted to a Permit Holder only for and limited to a specific Permitted Premises and a specific Permitted Property.

10. "*Permit Holder*" means the Person that holds a current and valid Permit issued under this Ordinance.

11. "*Permitted Premises*" means the particular building or buildings within which the Permit Holder will be authorized to conduct the Establishment's activities pursuant to the Permit.

12. "*Permitted Property*" means the real property comprised of a lot, parcel or other designated unit of real property upon which the Permitted Premises is situated.

13. "*Person*" means a natural person, company, partnership, trust, profit or non-profit corporation, limited liability company, or any joint venture for a common purpose.

14. "*Process*" or "*Processing*" means to separate or otherwise prepare parts of the marijuana plant and to compound, blend, extract, infuse, or otherwise make or prepare marijuana concentrate or marijuana-infused products.

15. "*Public Place*" means any area to which the public is invited or generally permitted in the usual course of business.

16. "*Stacked license*" means more than one marijuana Permit issued to a single Permit Holder to operate as a Marijuana Grower, Class C as specified in each Permit at a Permitted Premises consistent with the MRTMA and applicable regulations.

17. "*Village*" means the Village of Sanford, located in Midland County, Michigan.

18. *"Zoning Administrator"* means the Zoning Administrator or his or her designee. For the purposes of this Ordinance, if the Zoning Administrator is unable to act, the Village President or his or her designee may also undertake any action or duty of the Village Zoning Administrator.

## SECTION 3. PERMIT REQUIRED; NUMBER OF PERMITS AVAILABLE; ELIGIBILITY; GENERAL PROVISIONS.

1. The Village hereby authorizes the operation of the following types of Marijuana Establishments, subject to the number of available Permits issued in this Section:

    a. MRTMA Marijuana Retailer.

2. The number of Marijuana Establishment Permits in effect at any time shall not exceed the following maximums within the Village:

    a. MRTMA Marijuana Grower Permits, Class A: Zero

    b. MRTMA Marijuana Grower Permits, Class B: Zero

    c. MRTMA Marijuana Grower Permits, Class C: Zero

    d. MRTMA Marijuana Processor Permits: Zero

    e. MRTMA Marijuana Safety Compliance Facility Permits: Zero

    f. MRTMA Marijuana Secure Transporter Permits: Zero

    g. MRTMA Marijuana Retailer Permits: **One (1)**

h.  MRTMA Marijuana Microbusiness: Zero

i.  MRTMA Excess Marijuana Grower Permits: Zero

j.  MRTMA Designated Consumption Establishment: Zero

k.  MRTMA Marijuana Event Organizer: Zero

l.  MRTMA Temporary Marijuana Event: Zero

3.  It shall be unlawful for any person to engage in, or be issued a Permit for, the operation of the following Marijuana Establishments:

a.  MRTMA Marijuana Grower

b.  MRTMA Marijuana Processors

c.  MRTMA Marijuana Safety Compliance Facility

d.  MRTMA Marijuana Secure Transporter

e.  MRTMA Marijuana Microbusiness

f.  MRTMA Excess Marijuana Grower

g.  MRTMA Designated Consumption Establishment

h.  MRTMA Marijuana Event Organizer

i.  MRTMA Temporary Marijuana Event

4.  No Person shall operate a Marijuana Establishment at any time and at any location within the Village unless an effective Permit for a Marijuana Establishment for that Person at that location has been issued under this Ordinance.

5.  Marijuana Establishments shall operate only as expressly allowed under this Ordinance.

6.  The requirements set forth in this Ordinance shall be in addition to, and not in lieu of, any other licensing or permitting requirements imposed by applicable federal, state or local laws, regulations, codes or ordinances. All Permit Holders must secure appropriate building, mechanical, plumbing, electrical and any other construction permit as required by the building official. All permit approvals under this Ordinance are contingent upon the issuance of a Special Use Permit under the Village Zoning Ordinance.

7.  At the time of Application, each Applicant shall pay applicable fees, including non-refundable Application fees, annual fees, renewal fees, and inspection fees for Permits to the Village to defray the costs incurred by the Village for inspection, administration, review, oversight, and

enforcement of the local regulations regarding Marijuana Establishments. The non-refundable application fee shall be $5,000.00. The Village Council may by resolution set all remaining fees in an amount not to exceed any limitations imposed by Michigan law.

8. All remaining application fees shall be held in the Village's Marijuana Fund, and shall be used to help defray administrative and enforcement costs associated with the operation of a marijuana establishment as needed.

9. A Permit or Renewal Permit shall not confer any vested rights or reasonable expectation of subsequent renewal on the Applicant or Permit Holder, and shall remain valid only until the June 1 immediately following its approval. A completed Application or Renewal Application must be received by the Zoning Administrator no later than March 31 of each year in order to grant or renew the Permit effective on June 1 of that year.

10. Each year, any pending Applications for renewal or amendment of existing Permits shall be reviewed and granted or denied before Applications for new Permits are considered.

11. It is always the exclusive responsibility of each Permit Holder, Applicant, owner, partner, director, officer, or manager at all times during the Application period and during its operation to immediately provide the Village with all material changes in any information submitted on an Application and any other changes that may materially affect any state License or Village Permit.

12. No Permit issued under this Ordinance may be assigned or transferred to any Person. No Permit issued under this Ordinance is transferrable to any other location except for the Permitted Premises on the Permitted Property, except for a change in location requested as part of a renewal application.

13. No change in control of a business organization or any attempted transfer, sale, or other conveyance of an interest of more than 1% in a Permit, whether through a single transaction or the combined sum of multiple transactions is permitted.

14. The Permit issued under this Ordinance shall at all times be prominently displayed at the Permitted Premises in a location where it can be easily viewed by the public, law enforcement and administrative authorities.

15. Acceptance by the Permit Holder of a Permit constitutes consent by the Permit Holder and its owners, officers, managers, agents and, employees, for any state, federal or local fire, emergency, law enforcement agency, code enforcement officer, or Zoning Administrator to perform background investigations and conduct random and unannounced examinations of the Establishment and all records, materials, and property in that Establishment at any time to ensure compliance with this Ordinance, state law, any other local regulations, and the Permit.

16. A Permit Holder may not engage in any other Marijuana Establishment in the Permitted Premises or on the Permitted Property, or in its name at any other location within the Village, without first obtaining a separate Permit.

**SECTION 4. OTHER LAWS AND ORDINANCES.** In addition to the terms of this Ordinance, any Marijuana Establishment shall comply with all state and local laws, regulations, and Ordinances, including without limitation the Village Zoning Ordinance and the MRTMA to the extent such ordinances do not create obligations in conflict with this Ordinance.

**SECTION 5. APPLICATION FOR, RENEWAL OF, AND TRANSFER OF PERMITS.**

1. **Application Process**. The Zoning Administrator shall only accept Applications as designated by the Village Council. No Applications for Permits shall be accepted by the Zoning Administrator unless the Village Council has specifically approved an application window to accept applications. The dates, times, and places to accept Applications shall be determined by the Village Council and made available publicly prior to the receipt of Applications.

2. **Application**. An Application must be submitted for each and every single Permit or Establishment type which may be operated within the Village. An Application for a Permit for an Establishment shall be submitted to the Zoning Administrator, and shall contain the following information:

   a. The name, address, phone number and e-mail address of the Applicant or Permit Holder and the proposed Marijuana Establishment;

   b. The names, home addresses and personal phone numbers for all owners, partners, directors, officers and managers of the Permit Holder and the Marijuana Establishment;

   c. One (1) copy of all the following:

      1) The special use permit issued under the Village Zoning Ordinance for the Marijuana Establishment or the resolution or minutes showing the final approval of the special use permit to the Applicant for the Permitted Property.

      2) All documentation showing the Applicant's valid tenancy, ownership or other legal interest in the proposed Permitted Property and Permitted Premises. If the Applicant is not the owner of the proposed Permitted Property and Permitted Premises, a notarized statement from the owner of such property authorizing the use of the property for a Marijuana Establishment.

      3) If the Applicant is a corporation, non-profit organization, limited liability company or any other entity other than a natural person, it shall indicate its legal status, attach a copy of all company formation documents (including bylaws and amendments), identify all owners and their percentage of ownership in the entity accounting for 100% of the ownership interest in the Applicant, proof of registration with the State of Michigan, and a certificate of good standing.

4) A valid, unexpired driver's license or state issued ID for all owners, directors, officers and managers of the proposed Establishment.

5) Evidence of a valid sales tax license for the Applicant if such a license is required by state law or local regulations.

6) Application for Sign Permit, if any sign is proposed.

7) Non-refundable Application fee.

8) Business and Operations Plan, showing in detail the Marijuana Establishment's proposed plan of operation, including without limitation, the following:

    i. A description of the type of Establishment(s) proposed and the anticipated or actual number of employees.

    ii. A security plan meeting the requirements of this Ordinance, which shall include a general description of the security systems(s), current centrally alarmed and monitored security system service agreement for the proposed Permitted Premises, and confirmation that those systems will meet State requirements and be approved by the State prior to commencing operations.

    iii. A description by category of all products proposed to be grown, processed, or sold.

    iv. All Material Safety Data Sheets for any nutrients, pesticides, and other chemicals proposed for use in the Marijuana Establishment.

    v. A description and plan of all equipment and methods that will be employed to stop any impact to adjacent uses, including enforceable assurances that no nuisance odor will be detectable at the property line of the Permitted Property.

    vi. A plan for the disposal of Marijuana and related byproducts that will be used at the Establishment.

9) Site plan and interior floor plan of the Permitted Premises and the Permitted Property lawfully signed and sealed by a Michigan registered architect, surveyor or professional engineer.

10) Identify any business that is directly or indirectly involved in the growing, processing, testing, transporting or sale of Marijuana for the Establishment.

11) Whether any Applicant, owner, partner, director, officer, or manager of the Applicant or any entity owned or controlled by any owner, partner, director, officer, or manager of the Applicant has ever applied for or been granted, denied, restricted, suspended, revoked, or not renewed any commercial license, permit, or certificate issued by a licensing authority in Michigan or any other jurisdiction, and a statement describing

the facts and circumstances concerning the application, denial, restriction, suspension, revocation, or nonrenewal, including the licensing authority, the date each action was taken, and the reason for each action.

12) A complete list of all marijuana Permits and Licenses held by the Applicant (including permits or licenses from other states or countries), or any owner, partner, director, officer, or manager of the Applicant or any entity owned or controlled in whole or part by any owner, partner, director, officer, or manager of the Applicant whether Commercial Medical Marijuana Facilities or Marijuana Establishments, including complete copies of the issued Permits and Licenses.

13) Information regarding any other Marijuana Establishment, Commercial Medical Marijuana Facility, similar Permit or License, or any other marijuana business or venture that the Applicant, or any owner, partner, director, officer, or manager of the Applicant or any entity owned or controlled in whole or part by any owner, partner, director, officer, or manager of the Applicant is authorized to operate in any other jurisdiction within the State, or another State, and their involvement in each.

d. Any other information reasonably requested by the Village to be relevant to the processing or consideration of the Application.

e. Information obtained from the Applicant or Permit Holder is exempt from public disclosure under state law.

f. Applicant and all related persons acknowledge and consent to a background check and investigation by the Village as a condition of the Village processing and reviewing the application for approval or denial of a permit, including providing their Social Security numbers or other personal identifying information to the Village or their agents for a background check or any other purpose permitted under this Ordinance. Such information is confidential and shall not be disclosed except as permitted or required under this Ordinance.

g. A Renewal Application or Co-location Application may expressly incorporate by reference information or documentation contained in the original Permit Application or prior Permit Renewal Application, making it clear where such information or documentation can be found, provided that the information or documentation has not changed.

h. Prior to the approval or renewal of an Application for a Marijuana Grower Permit, an Applicant may amend the Class of the Marijuana Grower Permit Application by submitting an application form and expressly incorporating by reference the information or documentation contained in the original Permit Application. The Village may impose a fee as established by resolution. The Applicant will be required to show proof of a valid state License allowing operation of the new class of Marijuana Grower Permit prior to operation.

3. **Renewal Application**.

8

a. <u>Same Requirements</u>. The same requirements that apply to all new Applications for a Permit apply to all Renewal Applications. Renewal Applications shall be submitted to and received by the Zoning Administrator not less than ninety (90) days prior to the expiration of the annual Permit. A Permit Holder whose Permit expires and for which a complete Renewal Application has not been received by the expiration date shall be presumed to have determined not to seek renewal.

b. <u>Delayed Renewal</u>. A Permit Holder whose Application has not been received 90 days prior to the expiration date may rebut the presumption and apply for the right to file a delayed Renewal Application, which shall be granted by the Village unless the Applicant has been found to have defrauded the Village, lost its License, or committed a material violation of this Ordinance. The application for the right to file a delayed Renewal Application must be filed by the expiration date, and the applicable fees shall be paid at the time of the delayed application, and the pre-existing Permit shall thereupon be extended until action is taken on the delayed Renewal Application, but no longer than 12 months after the expiration date.

c. <u>Change in Location</u>. An Application requesting a change in the location of the Permitted Premises shall be submitted and received not less than one hundred twenty (120) days prior to the expiration of the Permit.

d. Renewal Prior to Operation. A Renewal Application is required from any Applicant who received approval even if the Establishment does not have a License or is not open to the public.

4. **Transfer**. Any unauthorized transfer or attempted transfer of a Permit or ownership interest in a Permit Holder constitutes a violation of this Ordinance.

5. **Approval, Issuance, Denial and Appeal**.

a. <u>Application Review</u>. All inspections, review and processing of the Application shall be completed within ninety (90) days of receipt of a complete Application and all required fees. All permit approvals under this Ordinance are contingent upon the issuance of a Special Use Permit under the Village Zoning Ordinance.

b. <u>Extension of Time</u>. The processing time may be extended upon written notice by the Village for good cause, and any failure to meet the required processing time shall not result in the automatic grant of the Permit. Any denial must be in writing and must state the reason(s) for denial.

c. <u>Complete Applications</u>. The Village has no obligation to process or approve any incomplete Application, and any times provided under this Ordinance shall not begin to run until the Village receives a complete Application, as determined by the Zoning Administrator. A determination of a complete Application shall not prohibit the Village from requiring supplemental information.

d. Permit Approval. The Village Council shall make a determination based upon satisfactory compliance with this ordinance, Application requirements, and all other permits, certificates, rules or regulations and do one of the following:

    a. Grant final approval to the Application and issue the Permit. If the Application is approved, then the Permit shall be issued to the Applicant as the Permit Holder for a specific Permitted Premises.

    b. Reject the Application stating the reasons for such rejection.

e. <u>Competitive Review</u>. If more complete applications are submitted for an Establishment than available Permits (more than zero) under this Ordinance, the Village will decide among competing applications by a competitive review process intended to select applicants who are best suited to operate in compliance with MRTMA and this Ordinance within the Village. Competitive Review Factors to be evaluated and applied in reviewing Applicants during Competitive Review consists of:

    1) **Thoroughness of the Application**
The thoroughness of the Application, with the Applicant detailing how the Applicant intends to comply with all requirements established in this Ordinance, or any other regulation established by the Village or State of Michigan regarding recreational marijuana. To determine the thoroughness of an Application, Village Council members should consider factors such as, but not limited to, the number and the type of deficiencies in an Applicant's Application, the amount of an Application that is contingent on other factors (e.g., has the Applicant identified all other businesses that will be directly or indirectly involved in the growing, processing, testing, transporting or sale of Marijuana for the Establishment), and the level of detail the Applicant provides for material required within the Application.

    2) **Applicant's History of Operating a Marijuana Business**
Whether the Applicant, owner, partner, director, officer, or manager of the Applicant or any entity owned or controlled by any owner, partner, director, officer, or manager of the Applicant ("Identified Party") currently holds a state or local license or permit pursuant to the MMFLA, MRTMA, or another state's marijuana regulatory framework ("Other Marijuana Permit") and the Applicant's past history of regulatory compliance for their other marijuana business. A Village Council member may consider factors such as, but not limited to:

        i. Whether any Identified Party has ever had any Marijuana License or Permit restricted, suspended, revoked, or not renewed;

10

ii.   Evidence the Applicant voluntarily proffers about the Identified Parties securing timely renewal of any Other Marijuana License or Permit; and

iii.   The Applicant's or Identified Parties' experience operating pursuant to any other Marijuana License or Permit. Factors to be considered include the nature and scope of the operation and how long the Applicant or Identified Parties have been operating under the other Marijuana License or Permit.

In evaluating this factor Council members should consider the Applicants' or their Identified Parties' negative or adverse operating history. For example, if any Identified Party has ever had any other Marijuana License or Permit restricted, suspended, revoked, or not renewed.

3)   **Tax/Special Assessment History**
The Applicant or its Identified Parties history of promptly paying taxes or special assessments due to a municipal government. The Village Council should consider an Applicant or its Identified Parties history of prompt payment in the Village of Sanford and any other material submitted that supports a history of prompt payment in another municipality (e.g., a signed statement of a municipal Treasurer confirming an Identified Parties history of timely tax payments). More weight should be given when an Applicant or their Identified Parties' have a longer history of promptly paying their local taxes and special assessments. The Village Council should factor in whether an Applicant or Identified Party presently owes past due taxes or special assessments to a municipality.

4)   **Compliance with Law**
Whether the Applicant has a history of non-compliance with the Village Council's ordinances or with other local, state, or federal laws. In assessing criminal background, Village Council Members should only consider charges for which an Applicant has been convicted, found responsible, or admitted that are detrimental to the public health, safety, welfare, or security of the public. Council Members may consider factors including but not limited to: the contents of the criminal background checks received by the Village in connection with the Application; the date of the most recent conviction; the nature of the offense; and, disclosed criminal background. In assessing this factor Village Council members should consider the nature and severity of the conviction and how recently the conviction occurred, provided that Village Council Members shall not consider for any purpose an Applicant's prior conviction solely for a marijuana-related offense so long as the offense did not involve distribution of a controlled substance to a minor.

11

5) **Employee Training**

The Applicant's demonstrated preparedness to provide appropriate employee training on safety procedures, employee guidelines, security protocol, marijuana product information, dosage, and purchasing limits if applicable. Items to be considered for this factor include, but are not limited to the Applicant's written description of the training and education that the Applicant will provide to all employees; what materials the Applicant has prepared for training its employees; the Applicant's plan for providing continuing education to its employees to keep them informed of changes in applicable law and regulation; and the written description of the method(s) for record retention of all training provided to existing and former employees.

6) **Inventory Tracking History**

The Applicant's experience using inventory tracking systems, including seed to sale systems, as well as any recordkeeping experience. Relevant factors to be considered by Village Council members include but are not limited to: years of experience operating a tracking system; types of tracking systems operated; and whether the Applicant has past experience with the State of Michigan's seed to sale tracking system.

7) **Safeguards for Handling Substances**

The sufficiency of the safeguards employed by Applicants in the handling of marijuana, chemicals, and nutrients. Relevant factors to be considered by Village Council members include but are not limited to:

i.   How the Applicant will control access to marijuana, chemicals, and nutrients within the Establishment;

ii.  Methods the Applicant will take to store and clearly label all chemicals and nutrients to reduce probability of chemicals and nutrients being used in an unsafe manner; and whether the Applicant will have a designated schedule for use of such chemicals and nutrients;

iii. The Applicant's sanitation plan to protect against any marijuana, chemical, or nutrient being ingested by any person or animal, indicating how the waste will be stored and disposed of, and how any marijuana will be rendered unusable upon disposal.

8) **Nuisance Detection Procedures**

The sufficiency of the Applicant's nuisance detection procedures. This factor is used to assess what safeguards the Applicant has in place to detect and respond to concerns before they become a nuisance. Elements to be considered include, but are not limited to, whether:

      i.    The Applicant has a schedule for communicating with and receiving feedback from all entities within five hundred (500) feet of the business at least once a year;

     ii.    Whether the Applicant will have an employee serve as a community relations liaison and share information with the community about how they can be contacted if there are concerns about the operation of the Establishment;

   iii.    Whether the Applicant will engage in weekly inspection to ensure maintenance of the interior and exterior of the Establishment.

9) **Odor Abatement**

Sufficiency of the Applicant's odor abatement strategy. Elements to be considered for this factor will include whether the Applicant will have a newly constructed building, systems, technologies, or efforts to contain odor in an existing building, the age of the HVAC system to be used at the Marijuana Establishment, the capacity rating of the odor control technology the Applicant will use in their Marijuana Establishment, and where the proposed Marijuana Establishment will be located within a building sharing a common HVAC system or walls with other businesses. Poorly qualified Applicants on this factor are those that do not show a particularized response to the needs of their proposed Marijuana Establishment.

10) **Security Plan**

Sufficiency of the Applicant's security plan. Elements to be considered for this factor will include the type and location of security cameras; the security value of interior and exterior lighting; whether the establishment will use a safe or vault secured on the premises; whether the establishment will be the only business on the property and able to control all customers, visitors, and traffic to the property; and the establishment's ability and commitment to preventing loitering and littering.

11) **Business Experience**

Whether the Applicant or Identified Party has business experience and demonstrates that the Applicant has sufficient business experience to operate the proposed marijuana business.

f.   If the Village has sufficient available Permits to the extent they do not have to engage in Competitive Review, the Village shall still evaluate the Applicant(s) using the Competitive Review Factors listed in Section 5(5)(e)(1-11) and weigh these factors in the decision to issue a Permit.

     g.  Any final denial of a Permit may be appealed to a court of competent jurisdiction, provided that: (1) with respect to a denial of a new Permit, an appeal shall not grant any rights to an Applicant, subject to an order of the court; and (2) with respect to denial of a Renewal Application, if the Applicant has paid all required fees (and any additional fees due during the pendency of the appeal), the Village may grant a temporary extension of the pre-existing Permit to allow continued operation during the pendency of the appeal, unless otherwise ordered by a court.

6.  **No Building Currently Existing.** Any new Applicant for a Marijuana Establishment Permit whose building is not yet in existence at the time of the Village's initial Permit approval shall have one year immediately following the date of the Village's initial Permit approval to commence construction of the building, in accordance with applicable zoning ordinances, building codes, and any other applicable state or local laws, rules or regulations, and to thereafter complete construction and commence business operations without unreasonable delay.

7.  **Duty to Supplement.**

a.  If, at any time before or after a Permit is issued pursuant to this Ordinance, any information required in the Permit Application, the MRTMA, or any rule or regulation promulgated thereunder, changes in any way from what is stated in the Application, the Applicant or Permit Holder shall supplement such information in writing within ten (10) days from the date upon which such change occurs by submitting the supplemental information to the Zoning Administrator .

b.  An Applicant or Permit Holder has a duty to notify the Village Council and the Zoning Administrator in writing of any pending criminal charge or indictment, and any criminal conviction of a felony or other offense involving a crime of moral turpitude by the Applicant, the Permit Holder, or any owner, officer, partner, director, manager, or employee within ten (10) days of the date when the Applicant, Permit Holder, owner, officer, partner, director, or manager has notice of the event.

c.  An Applicant or Permit Holder has a duty to notify the Village Council and the Zoning Administrator in writing of any pending criminal charge or indictment, and any criminal conviction, whether a felony, misdemeanor, or any violation of a local law or ordinance related to the cultivation, processing, manufacture, storage, sale, distribution, testing or consumption of any form of marijuana, the Michigan Medical Marihuana Act, the MMFLA, the MRTMA, any building, fire, health, or zoning statute, code or ordinance related to the cultivation, processing, manufacture, storage, sale, distribution, testing, or consumption of any form of marijuana by the Applicant, Permit Holder, any owner, officer, partner, director, manager, or employee within (10) ten days of the date when the Applicant, Permit Holder, any owner, principal officer, director, or manager has notice of the event.

**SECTION 6. OPERATIONAL REQUIREMENTS–MARIJUANA ESTABLISHMENT.** A Marijuana Establishment issued a Permit under this Ordinance and operating in the Village shall

at all times comply with the following operational requirements, which the Village Council may review and amend from time to time as it determines reasonable.

1. *Scope of Operation.* Marijuana Establishments shall comply with all applicable codes, including local zoning, building, and health departments, except to the extent that they are inconsistent with the MRTMA or this Ordinance. The Establishment must hold a valid local Permit and License for the type of Marijuana Establishment intended to be carried out on the Permitted Property. The Establishment operator, owner, Licensee or Permit Holder must have documentation available that demonstrates full compliance with all local and State sales tax requirements, including holding any permits or licenses, if applicable.

2. *Required Documentation.* Each Marijuana Establishment shall be operated from the Permitted Premises on the Permitted Property. No Marijuana Establishment shall be permitted to operate from a moveable, mobile, or transitory location, except for a Permitted and Licensed Marijuana Secure Transporter when engaged in the lawful transport of Marijuana. No person under the age of eighteen (18) shall be allowed to enter the Permitted Premises without a parent or legal guardian.

3. *Security.* Permit Holders shall at all times maintain a security system that meets State law requirements, and shall also include the following:

   a. Security surveillance cameras installed to monitor all entrances, along with the interior and exterior of the Permitted Premises; and

   b. Robbery and burglary alarm systems that are professionally monitored and operated 24 hours a day, 7 days a week; and

   c. A locking vault permanently affixed to the Permitted Premises that shall store all Marijuana and cash remaining in the Establishment overnight, except for Marijuana actively grown in a Grower Establishment; and

   d. All Marijuana in whatever form stored at the Permitted Premises shall be kept in a secure manner, and it shall not be exchanged, displayed or dispensed outside the Permitted Premises; and

   e. All security recordings and documentation shall be preserved for at least thirty (30) days by the Permit Holder and made available to any law enforcement agency upon request for inspection.

4. *Required Spacing.* No Marijuana Establishment shall be located within five-hundred (500) feet from any licensed educational institution or school, college or university, church, or house of worship or other religious facility, or public or private park, if such uses are in existence at the time the Establishment is issued an initial permit, with the minimum distance between uses measured horizontally between the nearest property lines.

5. *Operating Hours.* No Retailer or Microbusiness (if permitted under this Ordinance) shall operate between the hours of 8:00 p.m. and 8:00 a.m., or on any Sunday.

6. *Co-location with Certain Commercial Medical Marijuana Facilities and Adult-Use Establishments.* Subject to underlying zoning restrictions, the following co-location is permitted:

   a. A Grower Facility or Processor Facility may operate from within a single facility also operating with a Marijuana Grower or Marijuana Processor, operating pursuant to the MRTMA and applicable rules promulgated by the Department.

   b. A Marijuana Grower or a Marijuana Processor, may operate from within a single facility operating pursuant to the MRTMA and applicable rules promulgated by the Department.

   c. Co-location of Establishment Permits is permitted under applicable rules and regulations of the Department.

7. *Stacked License.* The Applicant shall be subject to the same requirements as a renewal permit application, including payment of a separate non-refundable application fee for each stacked permit. Permits or Licenses may only be stacked consistent with state law and the rules and regulations promulgated by the Department.

8. *Amount of Marijuana.* The amount of Marijuana on the Permitted Property and under the control of the Permit Holder, owner or operator of the Establishment shall not exceed that amount permitted by the state License or the Village's Permit.

9. *Sale of Marijuana.* The Marijuana offered for sale and distribution must be packaged and labeled in accordance with state law.

10. *Sign Restrictions.* No pictures, photographs, drawings or other depictions of Marijuana or Marijuana paraphernalia shall appear on the outside of any Permitted Premises nor be visible outside of the Permitted Premises on the Permitted Property. The words "Marijuana," "cannabis" and any other words used or intended to convey the presence or availability of Marijuana shall not appear on the outside of the Permitted Premises nor be visible outside of the Permitted Premises on the Permitted Property.

11. *Use of Marijuana.* The sale, consumption or use of alcohol or tobacco products on the Permitted Premises is prohibited. Smoking or consumption of controlled substances, including Marijuana, on the Permitted Premises is prohibited unless otherwise permitted under a specific Village Permit for such use.

12. *Indoor Operation.* All activities of Establishments, including without limitation, distribution, growth, cultivation, or the sale of Marijuana, and all other related activity permitted under the Permit Holder's License or Permit must occur indoors. The Establishment's operation and design shall minimize any impact to adjacent uses, including the control of any odor by

maintaining and operating an air filtration system and odor control so that no nuisance odor will be detectable at the property line of the Permitted Property. Indoor operation may utilize a greenhouse with sufficient operation and design to minimize any impact to adjacent uses, including odor.

13. *Unpermitted Growing.* A person may not grow his or her own Marijuana at an Establishment.

14. *Distribution.* No person operating an Establishment shall provide or otherwise make available Marijuana to any person who is not legally authorized to receive Marijuana under state law.

15. *Permits.* All necessary building, electrical, plumbing, and mechanical permits must be obtained for any part of the Permitted Premises in which electrical, wiring, lighting or watering devices that support the cultivation, growing, harvesting or testing of Marijuana are located.

16. *Waste Disposal.* The Permit Holder, owner and operator of the Establishment shall use lawful methods in controlling waste or by-products from any activities allowed under the License or Permit.

17. *Transportation.* Marijuana may be transported by a Marijuana Secure Transporter within the Village under this Ordinance, and to effectuate its purpose, only:

   a.  By Persons who are otherwise authorized by state law to transport Marijuana;

   b.  In a manner consistent with all applicable state laws and rules, as amended;

   c.  In a secure manner designed to prevent the loss of the Marijuana;

   d.  No vehicle used for the transportation or delivery of Marijuana under this Ordinance shall have for markings the words "Marijuana," "cannabis" or any similar words; pictures or other renderings of the Marijuana plant; advertisements for Marijuana or for its sale, transfer, cultivation, delivery, transportation or manufacture, or any other word, phrase, or symbol indicating or tending to indicate that the vehicle is transporting Marijuana;

   e.  No vehicle may be used for the ongoing or continuous storage of Marijuana, but may only be used incidental to, and in furtherance of, the transportation of Marijuana.

18. *Additional Conditions.* The Village Council may impose such reasonable terms and conditions on a Marijuana Establishment special use as may be necessary to protect the public health, safety and welfare, and to obtain compliance with the requirements of this Ordinance and applicable law.

**SECTION 7. PENALTIES AND CONSEQUENCES FOR VIOLATION.** In addition to any other penalties or legal consequences provided under applicable federal, state and local law, regulations, codes and ordinances:

1. The Zoning Administrator, Supervisor, or any law enforcement officer may enforce the provisions of this ordinance, including the issuance of a municipal civil infraction.

2. Violations of the provisions of this Ordinance or failure to comply with any of the requirements of this Ordinance shall be subject to and found responsible for a municipal civil infraction. The penalty for any municipal civil infraction shall be five hundred dollars ($500.00) plus court costs, attorney fees and abatement costs of each violation, together with all other remedies pursuant to MCL 600.8701, *et seq*. Each day a violation continues shall be deemed a separate municipal civil infraction.

3. A Permit issued under this Ordinance may be denied, limited, revoked, or restricted under any of the following conditions:

   a. Any fraudulent, false, misleading, or material misrepresentation contained in the Application.

   b. Repeat violations of any requirements of this Ordinance or other applicable law, rule, or regulation. As used in this subsection, the term "repeat offense" means a second (or any subsequent) misdemeanor violation or civil infraction of the same requirement or provision committed within any six-month period and upon conviction or responsibility thereof.

   c. A valid License is not maintained as required by this Ordinance.

   d. The Permit Holder, its officer, agent, manager, or employee failed to timely submit any document or failed to timely make any material disclosure as required by this Ordinance.

4. If a Permit is revoked or limited under this Ordinance, the Village or its designee shall issue a notice stating the revocation, limitation, or restriction including the reason for the action and providing a date and time for an evidentiary hearing before the Village Council.

5. The owner of record or tenant of any building, structure or premises, or part thereof, and any architect, builder, contractor, agent or person who commits, participates in, assists in or maintains such violation may each be found guilty or responsible of a separate offense and suffer the penalties and forfeitures provided in this section, except as excluded from responsibility by state law.

6. In addition to any other remedies, the Village may institute proceedings for injunction, mandamus, abatement or other appropriate remedies to prevent, enjoin, abate or remove any violations of this Ordinance. The rights and remedies provided herein are both civil and criminal in nature. The imposition of any fine, jail sentence or forfeiture shall not exempt the violator from compliance with the provisions of this Ordinance.

**SECTION 8. SEVERABILITY.** The provisions of this Ordinance are hereby declared severable. If any part of this Ordinance is declared invalid for any reason by a court of competent jurisdiction,

that declaration does not affect or impair the validity of all other provisions that are not subject to that declaration.

**SECTION 9. SAVINGS CLAUSE.** This Ordinance does not affect rights and duties matured, penalties that were incurred, and proceedings that were begun, before its effective date.

**SECTION 10. REPEAL.** The Village of Sanford Prohibition of Marihuana Establishments Ordinance, and all other Ordinances or parts of Ordinances in conflict herewith are hereby repealed.

**SECTION 11. EFFECTIVE DATE.** This Ordinance shall take effect twenty (20) days following publication or posting after final adoption by the Village Council.

YEAS: Lon Wackerle, Carl Hamann, Marc Thrush, Martina Richards and Dolores Porte
NAYS: None

ABSENT/ABSTAIN: None

ORDINANCE DECLARED ADOPTED:


_____
Dolores Porte, Village of Sanford President

## <u>AFFIDAVIT OF POSTING AND PUBLICATION</u>

I hereby certify that:

1.      The above is a true copy of an Ordinance adopted by the Village of Sanford Council at a duly scheduled and noticed meeting of that Village Council held on _____, 2021, pursuant to the required statutory procedures.

2.      A summary of the above Ordinance was duly published in the _____ newspaper, a newspaper that circulates within Village of Sanford, on _____, 2021.

3.      Within one (1) week after such publication, I recorded the above Ordinance in a book of ordinances kept by me for that purpose, including the date of passage of the ordinance, the names of the members of the Village Council voting, and how each member voted.

4.      Filed as an attested copy with the Midland County Clerk on _____, 2021.

ATTESTED:


_____

Aileen Acker, Village of Sanford Clerk