# Exhibit 2

# VILLAGE OF SANFORD
# MIDLAND COUNTY, MICHIGAN
# MARIJUANA ESTABLISHMENT ZONING ORDINANCE AMENDMENT

## ORDINANCE NO. 42

At a duly scheduled meeting of the Village Council of Village of Sanford, Midland County, Michigan, held at the American Legion 2080 N. Meridian Road, Sanford, MI 48657 on April 6, 2022 at 8 p.m., Village Council Member Marc Thrush moved to adopt the following ordinance, which motion was seconded by Village Council Member Carl Hamann:

*An Ordinance to amend the Village of Sanford Zoning Ordinance, as amended, to provide for the regulation of Adult-Use Marijuana Establishments; designate such Establishments and Operations as permitted or special uses; and to amend the Zoning Ordinance Map of the Village of Sanford to establish a Marijuana Overlay District over certain parcels in the Village in order to maintain the public health, safety and welfare of the residents and visitors to Village of Sanford.*

THE VILLAGE OF SANFORD, MIDLAND COUNTY ORDAINS:

**SECTION 1. AMENDMENT OF CHAPTER 1, SECTION 1.14, DEFINITIONS-M:** The Village of Sanford Zoning Ordinance, Chapter 1, Section 1.14, Definitions-M, shall be amended to add the following definitions:

**MRTMA** means the Michigan Regulation and Taxation of Marihuana Act, MCL 333.27951 *et seq.*

**MARIJUANA ESTABLISHMENT** means one of the following:

**MARIJUANA GROWER**: as that term is defined in the MRTMA, being a person licensed to cultivate marijuana and sell or otherwise transfer marijuana to marijuana establishments.

**MARIJUANA MICROBUSINESS**: as that term is defined in the MRTMA, being a person licensed to cultivate not more than 150 marijuana plants; process and package marijuana; and sell or otherwise transfer marijuana to individuals who are 21 years of age or older or to a marijuana safety compliance facility, but not to other marijuana establishments.

**MARIJUANA PROCESSOR**: as that term is defined in the MRTMA, being a person licensed to obtain marijuana from marijuana establishments; process and package marijuana; and sell or otherwise transfer marijuana to marijuana establishments.

**MARIJUANA RETAILER**: as that term is defined in the MRTMA, being a person licensed to obtain marijuana from marijuana establishments and to sell or otherwise

transfer marijuana to marijuana establishments and to individuals who are 21 years of age or older.

**MARIJUANA SECURE TRANSPORTER**: as that term is defined in the MRTMA, being a person licensed to obtain marijuana from marijuana establishments in order to transport marijuana to marijuana establishments.

**MARIJUANA SAFETY COMPLIANCE FACILITY**: as that term is defined in the MRTMA, being a person licensed to test marijuana, including certification for potency and the presence of contaminants.

**DESIGNATED CONSUMPTION ESTABLISHMENT**: as that term is defined by the Department of Licensing and Regulatory Affairs being a commercial space that is licensed by Department of Licensing and Regulatory Affairs (LARA) or the Marijuana Regulatory Agency (MRA); and authorized to permit adults 21 years of age and older to consume marijuana products at the location indicated on the state license or as may be defined in the MRTMA.

**EXCESS MARIJUANA GROWER**: as that term is defined by the Department of Licensing and Regulatory Affairs (LARA) or the Marijuana Regulatory Agency (MRA), being a grower authorized to grow additional marijuana plants in increments of 2,000 or as may be defined in the MRTMA.

**MARIJUANA EVENT ORGANIZER**: as that term is defined by the Department of Licensing and Regulatory Affairs (LARA) or the Marijuana Regulatory Agency (MRA), being a person authorized to hold a temporary marijuana event or as may be defined in the MRTMA.

**TEMPORARY MARIJUANA EVENT**: as that term is defined by the Department of Licensing and Regulatory Affairs (LARA) or the Marijuana Regulatory Agency (MRA) being a state license held by a marijuana event organizer under the MRTMA, for an event where the onsite sale or consumption of marijuana products, or both, are authorized at the location indicated on the state license or as may be defined in the MRTMA.

**SECTION 2. AMENDMENT TO ADD CHAPTER 11A, MARIJUANA OVERLAY DISTRICT**: The Village of Sanford Zoning Ordinance, shall be amended to add Chapter 11A: MJ-1, Marijuana Overlay District, providing as follows:

Chapter 11A – Marijuana Overlay District.

Section 11A.1 – Purpose.

The Marijuana Overlay District ("MJ-1 District") is intended to provide opportunities for the development of certain Marijuana Establishments permitted under the MRTMA and to require compliance with this Ordinance, in order to maintain the public health, safety and welfare of the Village. This Chapter proposes to accomplish this through the implementation of

regulations that promote the use of land within the MJ-1 District for certain Commercial Marijuana Establishments.

Section 11A.2 – Marijuana Overlay District Boundary.

The MJ-1 District is established as an overlay zoning district over the following parcels within the Village of Sanford:

> Parcel Number: 081-024-400-001-00 commonly known as 2023 N Meridian Rd
> Parcel Number: 081-024-400-010-00 commonly known as 2033 N Meridian Rd
> Parcel Number: 081-024-400-050-00 commonly known as 2045 N Meridian Rd

Land located within such overlay district may be developed according to the provisions of the underlying zoning district or according to the provisions of this Chapter.

Section 11A.3 – Special Land Uses.

The following uses are permitted in the MJ-1 District with a Special Use Permit granted by the Village Council, after review and recommendation by the Planning Commission, in accordance with the provisions of this Chapter and the Zoning Ordinance regarding special use permits:

> A. Marijuana Retailers.

Section 11A.4 – Setbacks

Each building used as a Marijuana Establishment shall be setback a minimum distance from any lot line, public road or recorded right-of-way not owned by the permit holder:

> A. Front Yard: Not less than 40 feet.
> B. Side Yard: Not less than 20 feet.
> C. Rear Yard: Not less than 20 feet.

Section 11A.5 – Separation Distances. These separation distances apply to all Marijuana Establishments in the Village under the Zoning Ordinance, whether located in the MJ-1 District by this Chapter or permitted in another District under another portion of this Ordinance.

A. Measurement. The measurements under this Section shall apply whether or not such other land use is located with the Village of Sanford if such uses are in existence at the time the Marijuana Establishment is issued an initial permit. The minimum distance between uses is measured horizontally between the nearest property lines.

B. Schools, Churches, and Parks. No Marijuana Establishment shall be located within five hundred (500) feet from any licensed educational institution or school, college or university, church, house of worship, other religious facility, or public or private park.

    C. <u>Other Marijuana Establishments</u>. Except for Marijuana Establishments permitted to co-locate, no Marijuana Establishment shall be located within one thousand (1,000) feet from any other licensed or permitted Marijuana Establishment.

<u>Section 11A.6 – Parking Space Requirement</u>. Marijuana Establishments shall conform to the off-street parking and loading requirements of this ordinance. A Marijuana Establishment shall comply with the business or land use closest to its functional use, as determined by the Zoning Administrator, unless this section requires a specific parking requirement.

Specific Marijuana Establishments shall meet minimum parking and loading requirements as follows:

| Marijuana Retailer | One (1) space for each 100 square feet of usable floor area, plus (1) space for the maximum number of employees on the premises at any one time. |
|---|---|

<u>Section 11A.7 – Term of Special Land Use Permit</u>. A special land use permit for a Marihuana Establishment shall be valid only for two years from the date of issuance, unless expressly issued for a longer term by the Village Council. Upon expiration, a special land use permit may be renewed by application to the Planning Commission.

<u>Section 11A.8 – Local Regulatory Permit Required</u>. A special land use permit under this Chapter is contingent upon the issuance and maintenance of a current and valid Permit under a local regulatory ordinance authorizing marijuana establishments within the Village.

**SECTION 3. AMENDMENT OF CHAPTER 15, SPECIAL LAND USES, SECTION 15.1, APPLICATION PROCEDURES:** The Village of Sanford Zoning Ordinance, Chapter 15 Special Land Uses, Section 15.2 Application Procedures shall be amended to read as follows:

  SECTION 15.1 APPLICATION PROCEDURES

    A. <u>Application</u>. Application for a special land use permit shall be made to the Zoning Administrator or Village Clerk and shall include the following:

      1. Seven (7) copies and one (1) electronic copy in portable document format ("PDF") of a site plan containing the information required by Section 14.1.C.2 of this ordinance.

      2. A completed application form with original signatures.

      3. Payment of an application fee, which shall be non-refundable, as established from time to time by resolution of the Village Council.

      4. Each application shall be made by the owner of the property on which the proposed special land use is located, or by an applicant, if not the owner, with the signed authorization of the property owner.

B. <u>Escrow</u>. The Zoning Administrator, after review of the application, may establish an amount to be deposited by the applicant with the Village Clerk as an escrow deposit to defray the anticipated costs incurred by the Village to review and process the application(s). The monetary amount deposited by the applicant in escrow with the Village shall be the amount estimated by the Village to cover all reasonable costs and expenses associated with the special use permit review and approval process, which costs shall include, but are not limited to, reasonable fees of the Village Attorney, Village Planner and Village Engineer, as well as costs for any reports or studies that are reasonably related to the zoning review process for the application. Such escrow amount shall be in addition to any filing or application fees established by resolution. At any point during the special use permit review process, the Village may require that the applicant place additional funds into escrow with the Village if the existing escrow amount deposited by the applicant is deemed insufficient by the Village. If the escrow account needs replenishing and the applicant refuses to do so promptly, the special use permit process shall cease unless and until the applicant makes the required additional escrow deposit. Applicant must also comply with any applicable zoning escrow resolutions or other ordinances adopted by the Village. The Planning Commission shall not commence consideration of the merits of the application(s) until the escrow deposit is received by the Village Clerk. Any unused portions of the escrow deposit remaining after consideration and processing of the application shall be returned to the applicant(s).

C. <u>Processing of Applications</u>.

1. Applications for all special use permits shall be considered in the order in which they are received.

2. Applicants should hand deliver Applications to the Zoning Administrator or Village Clerk.

3. Applications shall only be received by the Zoning Administrator or Village Clerk at the Village offices, except that the Zoning Administrator or Village Clerk may specifically designate another location from time to time.

4. Upon submission of an Application and fee to the Zoning Administrator or Village Clerk, the Zoning Administer shall note on the face of the Application the date and time of day (the "time-stamp") at which the application was received. The Zoning Administrator or Village Clerk may provide applicant with the date and time of day at which the application was received.

5. If an application is not hand delivered by the applicant (i.e. US mail, courier, electronic mail, fax, or any other delivery method), then it shall be considered received the next business day after delivery to the Village offices or when the Zoning Administer actually receives the application, whichever is later.

6. An original signature is required on all special use permit applications. Electronic or facsimile signatures shall not be accepted, except on good cause shown by the Applicant and as approved by the Village Council.

**SECTION 4. AMENDMENT OF CHAPTER 15, SPECIAL LAND USES, SECTION 15.2, NOTIFICATION, HEARING, AND REVIEW PROCEDURES:** The Village of Sanford Zoning Ordinance, Chapter 15 Special Land Uses, Section 15.2 Notification, Hearing, and Review Procedures shall be amended to read as follows:

SECTION 15.2 NOTIFICATION, HEARING, AND REVIEW PROCEDURES

A. Upon receipt of an application for a special land use permit, the Zoning Administrator or Village Clerk shall cause notice to be given of a special land use permit hearing in accordance with the requirements of the Zoning Enabling Act, as amended.

B. No more than one public hearing for a special land use permit shall be held at each meeting of the Planning Commission. Public Hearings shall be scheduled in the order in which an Application is received by the Zoning Administrator or Village Clerk.

C. When multiple special land use permit applications are submitted, the application that is received by the Zoning Administrator or Village Clerk first (as evidenced by the time stamp) shall be the first special land use permit application heard and evaluated by the Planning Commission.

D. Following notice, the Planning Commission shall hold a public hearing on the special land use permit application.

E. The Planning Commission shall make a recommendation to the Village Council to approve, approve with conditions, or deny the special use permit request, based upon review and consideration of the application, materials submitted with the application, comments received at the public hearing, and the applicable standards of this Chapter.

F. The Village Council, in making its decision, shall consider the application, the Planning Commission recommendation, and the applicable standards of this ordinance and all other permits, certificates, rules or regulations and do one of the following:

1. Grant final approval to the application and issue the Special Land Use permit; or
2. Reject the Application stating the reasons for such rejection.

G. Special Use Permits shall continue with the land unless the Village Council sets a shorter term for the Special Land Use Permit in its approval.

**SECTION 5. AMENDMENT TO CHAPTER 15, SPECIAL LAND USES 15.6 SPECIAL LAND USE SPECIFIC DESIGN STANDARDS.** The Village of Sanford Zoning Ordinance, Chapter 15 Special Land Uses, Section 15.6 Special Land Use Specific Design shall be amended to add the following:

    **HH. Marijuana Establishment**

1. <u>Lot Area</u>. No building or structure shall be placed on any lot less than one (1) acre in area.

2. <u>Drives and Access</u>. All access drives are subject to the approval of the Midland County Road Commission.

3. <u>Security</u>. The Marijuana Establishment, at all times, must maintain a security system that meets state law requirements, and shall also include the following:

    a. Security surveillance cameras installed to monitor all entrances, along with the interior and exterior of the Permitted Premises;

    b. Robbery and burglary alarm systems that are professionally monitored and operated 24 hours a day, 7 days a week;

    c. A locking vault permanently affixed to the Permitted Premises that shall store all Marijuana and cash remaining in the Marijuana Establishment overnight, except for Marijuana actively grown in a Grower Establishment;

    d. Be designed so that no marijuana is viable from outside the Marijuana Establishment.

2. <u>Odor Control</u>. The Marijuana Establishment shall utilize reasonably available odor control technology to control and mitigate odor including air filtration systems and other enforceable assurances that no odor created by the use will be detectable at the property line of the property.

3. <u>Lighting</u>. The Marijuana Establishment shall have exterior lighting, which shall fully illuminate all entrances, exits, and parking areas. All lighting shall be directed away from and be shielded from adjacent properties and shall be so arranged as to not adversely affect adjacent properties or driver visibility on adjacent public roads. All lighting shall be shielded to the extent possible to reduce glare and visibility. No flashing lights will be permitted. Grow lights shall not be used before 6:00 a.m. local time and shall not be used after 9:00 p.m. local time.

**SECTION 6. SEVERABILITY.** The provisions of this Ordinance are hereby declared severable. If any part of this Ordinance is declared invalid for any reason by a court of competent jurisdiction, that declaration does not affect or impair the validity of all other provisions that are not subject to that declaration.

**SECTION 7. REPEAL.** All other Ordinances or parts of Ordinances in conflict herewith are hereby repealed.

**SECTION 8. EFFECTIVE DATE.** This Ordinance shall become effective seven (7) days after publication of a notice of adoption of this Ordinance, unless referendum procedures are initiated

under MCL 125.3402. If referendum procedures are initiated, this Ordinance will take effect in accordance with MCL 125.3402.

YEAS: Marc Thrush, Dolores Porte, Carl Hamann, Lon Wackerle, Martina Ricards

NAYS: None

ABSENT: None

ORDINANCE DECLARED ADOPTED:

_____
Dolores Porte, President
Village of Sanford

## CERTIFICATION OF POSTING AND PUBLICATION

I hereby certify that:

1. The above is a true copy of an Ordinance adopted by the Village Council of the Village of Sanford at a duly scheduled and noticed meeting of that Village Council held on April 6, 2022, pursuant to the required statutory procedures.

2. A summary of the above Ordinance was duly published in the April 9, 2022 newspaper, a newspaper that circulates within Village of Sanford, on April 9, 2022.

3. Within one (1) week after such publication, I recorded the above Ordinance in a book of ordinances kept by me for that purpose, including the date of passage of the ordinance, the names of the members of the Village Council voting, and how each member voted.

4. Filed as an attested copy with the Midland County Clerk on _____, 2022.

ATTESTED:

_____
Aileen Acker, Clerk
Village of Sanford



**Map Key**

 MJ-1 Overlay District