# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### NORTHERN DIVISION

HP SANFORD, LLC,

        Plaintiff,

v

VILLAGE OF SANFORD,

        Defendant.

Case No. 22-cv-12175-LVP-CI

HON. LINDA V. PARKER

| | |
|---|---|
| Anderson J. Grandstaff (P81331) | Christopher S. Patterson (P74350) |
| Attorney for Plaintiff | Matthew A. Kuschel (P76679) |
| 1812 Crestline Dr. | *Fahey Schultz Burzych Rhodes PLC* |
| Troy, MI 48083 | Attorneys for Defendant |
| Anderson.j.grandstaff@gmail.com | 4151 Okemos Road |
| | Okemos, MI 48864 |
| | (517) 381-0100 |
| | cpatterson@fsbrlaw.com |
| | mkuschel@fsbrlaw.com |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Village of Sanford moves to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(7) and 12(b)(6) because Plaintiff failed to join a necessary party and failed to state any legally viable claim for violation of due process, class-of-one equal protection, or Michigan's Regulation and Taxation of Marihuana Act ("MRTMA").

Plaintiff seeks to enjoin permits already issued to LaBonville but failed to join her as a necessary party. Plaintiff's due process claims fail as a matter of law because

it has no protected property interest in the discretionary special use permit application approval. Even if Plaintiff did have a property interest, the Village's process and procedures are valid. Plaintiff cannot carry its steep burden in its class-of-one claim because it is not similarly situated to LaBonville and, even if it was, the Village's denial is supported by rational reasons, namely Plaintiff's own application defects and its failure to apply for the required MRTMA permit. Indeed, not only do Plaintiff's claims implicate Michigan's comprehensive regulatory scheme for marijuana—making *Burford* abstention appropriate—but Plaintiff did not apply for the required local operating MRTMA permit.

Pursuant to Local Rule 7.1(a), counsel for the Village of Sanford sought concurrence in the motion by telephone call and email with opposing counsel. Plaintiff declined to concur in the relief requested, necessitating this motion. The reasons in support of this motion are more fully set forth in the accompanying brief in support.

Wherefore, Defendant respectfully requests that this Court enter an order dismissing the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Fed R. Civ. P. 12(b)(7) and award the Village its attorney fees and costs in this action.

Respectfully submitted,

Fahey Schultz Burzych Rhodes PLC
Attorneys for Defendant

Dated:  November 14, 2022

Christopher S. Patterson (P74350)
Matthew A. Kuschel (P76679)
4151 Okemos Road
Okemos, MI 48864
(517) 381-0100

3

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### NORTHERN DIVISION

HP SANFORD, LLC,

        Plaintiff,

v

VILLAGE OF SANFORD,

        Defendant.

Case No. 22-cv-12175-LVP-CI

HON. LINDA V. PARKER

_____

| | |
|---|---|
| Anderson J. Grandstaff (P81331) | Christopher S. Patterson (P74350) |
| Attorney for Plaintiff | Matthew A. Kuschel (P76679) |
| 1812 Crestline Dr. | *Fahey Schultz Burzych Rhodes PLC* |
| Troy, MI 48083 | Attorneys for Defendant |
| Anderson.j.grandstaff@gmail.com | 4151 Okemos Road |
| | Okemos, MI 48864 |
| | (517) 381-0100 |
| | cpatterson@fsbrlaw.com |
| _____/ | mkuschel@fsbrlaw.com |

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ....................................................... iv

STATEMENT OF FACTS .........................................................2

I.   Ordinance 42: Zoning Ordinance Amendment ...............................2

II.  Ordinance 43: Michigan Regulation and Taxation of Marijuana Act—
     Local Regulation.............................................................3

III. Ordinances Adopted and Applications Submitted ...........................3

ARGUMENT ......................................................................6

I.   UNDER RULE 12(b)(7), PLAINTIFF MUST JOIN LABONVILLE
     WHEN PLAINTIFF SEEKS TO ENJOIN PERMITS ALREADY
     ISSUED TO HER. ...........................................................6

II.  UNDER RULE 12(b)(6), PLAINTIFF'S CLAIMS FAIL AS A
     MATTER OF LAW WHERE PLAINTIFF HAS NO PROPERTY
     INTEREST, THE VILLAGE FAIRLY REVIEWED PLAINTIFF'S
     INCOMPLETE SUP APPLICATION, AND PLAINTIFF DID NOT
     APPLY FOR A LOCAL MARIJUANA PERMIT. .......................................7

     A.   Plaintiff's Due Process Claims Fail Because Plaintiff has No
          Protected Property Interest and Plaintiff Failed to Avail Itself of
          Any Process............................................................8

          1.   Plaintiff has no protected property interest in a
               discretionary government approval such as a pending SUP
               application...................................................10

          2.   Plaintiff's due process claims fail as a matter of law
               because Plaintiff was treated equally with the other
               applicant and Village's decision to deny Plaintiff's permit
               stems from its own application failures. ....................13

     B.   Plaintiff's Class-of-One Claim Fails where Plaintiff is not
          similarly situated to LaBonville because it submitted incomplete
          applications, did not apply for an operating permit, and did not
          negate the Village's rational bases...................................14

1.   Plaintiff and LaBonville are not similarly situated where Plaintiff submitted an incomplete application, applied nearly one month later than LaBonville, and did not apply for a marijuana operating permit...............................................15

2.   Plaintiff's class-of-one claim fails as a matter of law because Plaintiff has not alleged such actions were motivated by animus nor negated the rational basis which support the Village's actions.......................................................18

C.   Plaintiff's MRTMA Claims Fail as a Matter of Law Because It Did Not Apply for a Local Permit or a State License Under State and Local Law. ....................................................................................21

III.   *BURFORD* ABSTENTION REQUIRES THIS COURT TO DECLINE TO EXERCISE JURISDICTION OVER PLAINTIFF'S CLAIMS.............22

CONCLUSION AND REQUEST FOR RELIEF...................................................25

# INDEX OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................8

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ...................................................................................8

*Burford v. Sun Oil Co.*,
  319 U.S. 315 (1943) ............................................................................. 22, 23

*Directv, Inc. v. Treesh*,
  487 F.3d 471 (6th Cir. 2007).....................................................................8

*Edison v. State of Tenn. Dep't. of Children's Servs.*,
  510 F.3d 631 (6th Cir. 2007).....................................................................8

*EJS Properties, LLC v. City of Toledo*,
  698 F.3d 845 (6th Cir. 2012).......................................................... 8, 9, 21

*Exclusive Brands LLC v. City of Garden City, Michigan*,
  No. 19-CV-11062, 2020 WL 5367331 (E.D., Mich 9/8/2020)............... 9, 11, 12

*In re City of Detroit*,
  841 F.3d 684 (6th Cir. 2016)..................................................... 14, 18, 19, 20

*New England Health Care Employees Pension Fund v. Ernst & Young, LLP*,
  336 F.3d 495 (6th Cir. 2003).....................................................................4

*New Orleans Public Service, Inc. v. Council of the City of New Orleans*,
  491 U.S. 350 (1989) .................................................................................23

*Quackenbush v. Allstate Ins. Co.*,
  517 U.S. 706 (1996) .................................................................................23

*Radvansky v. City of Olmsted Falls*,
  395 F.3d 291 (6th Cir. 2005)...................................................................14

*Richardson v. Township of Brady*,
  218 F.3d 508 (6th Cir. 2000) ................................................................9, 10

*Saginaw Housing Com'n v. Bannum, Inc.*,
    576 F.3d 620 (6th Cir. 2009) ........................................................... 23, 24

*Shavers v Almont Twp, Michigan*,
    832 Fed.Appx. 933 (6th Cir. 2020) ............................................... 17, 18

*Town of Castle Rock, Colo. v. Gonzales*,
    545 U.S. 748 (2005) .............................................................................9

*Warren v City of Athens, Ohio*,
    411 F3d 697 (6th Cir. 2005) ...............................................................19

*Wyser-Pratte Management Co., Inc. v. Texlon Corp.*,
    413 F.3d 553 (6th Cir. 2005) ................................................................4

## Statutes

MCL 125.3401(6) ....................................................................................7

MCL 125.3606 ......................................................................................34

MCL 333.27951 .....................................................................................2

MCL 333.27956 ................................................................................4, 27

MCL 333.27956(2)(b)..............................................................................4

MCL 333.27956(3) ..................................................................................4

MCL 333.27959 ....................................................................................33

MCL 333.27959(4) ............................................................................5, 28

## Other Authorities

Mich Const. 1963, Art. 6, § 28 ..............................................................34

## Rules

Fed. R. Civ. P. 12(b)(6)..........................................................................10

Fed. R. Civ. P. Rule 12(b)(7) ..................................................................9

Fed. R. Civ. P. Rule 19(a)(1) .......................................................................9

MCR 7.122...............................................................................................34

Mich Admin Code, R 420.1 ......................................................................33

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

HP Sanford LLC ("Plaintiff") claims in this lawsuit it was harmed by the decision-making process of the Village of Sanford ("the Village"). Plaintiff's claims are rooted in the fact it applied for a special use permit ("SUP") with the Village of Sanford because such a permit was required to obtain a local permit to operate a marijuana establishment. However, in the process of applying for a SUP, Plaintiff applied late and filed numerous deficient applications which had to be rejected and corrected. Consequently, while Plaintiff was correcting deficiencies, another applicant—Sue LaBonville via LaBonville Properties, LLC and Sadler & Son, LLC (collectively "LaBonville")—was granted a SUP and was beginning the process of applying for its local marijuana operating permit. Notably, LaBonville owns property within 1,000 feet of the property Plaintiff sought to lease for its recreational marijuana establishment; the Village does not permit two marijuana SUPs within 1,000 feet of each other. Consequently, Plaintiff's tardy application was rejected for that reason, among others.

Plaintiff's claims fail for three reasons: (1) Plaintiff failed to join LaBonville, a necessary party; (2) Plaintiff failed to state claims upon which relief can be granted; and (3) MRTMA establishes a significant state law regulatory scheme appropriate for *Burford* abstention.

1

**STATEMENT OF FACTS**

Marijuana for recreational use was authorized by Michigan voters in December 2018. *See* MCL 333.27951 *et seq.* ("MRTMA"). The Village carefully considered whether and how to allow recreational marijuana from November 2021 to March 2022. Deciding to move forward, the Village adopted two ordinances.

## I.  Ordinance 42: Zoning Ordinance Amendment

First, in enacting Ordinance 42 ("Zoning Ord. 42"), the Village made land use determinations—where the marijuana establishments would be permitted in the Village—and created an overlay district on three parcels north of the Saginaw Road and M-30 intersection. (Zoning Map, ECF No. 1-2, PageID.49)

Second, Zoning Ord. 42 established a procedure to apply for all special use permits as well as a process for the planning commission to consider special use permit applications (*Id.* at PageID.46). Each application is individually scheduled for a public hearing at its own meeting following the order in which they are received (*Id.* at § 15.2(B), (C); PageID.46). The planning commission holds the hearing and makes a recommendation to the Village Council (*Id.* at § 15.2(D), (E); PageID.46). The Village Council then considers the application, the ordinance, the planning commission recommendation, and any other applicable rules and regulations before arriving at a final decision (*Id.* at § 15.2(G); PageID.46).

2

## II.    Ordinance 43: Michigan Regulation and Taxation of Marijuana Act—Local Regulation

Michigan's regulatory scheme for recreational marijuana—MRTMA—empowers local units of government to prohibit marijuana or to "opt-in" and impose local regulations. *See* MCL 333.27956. Specifically, municipalities like the Village have authority to "regulate the time, place, and manner of operation of marijuana establishments . . .." MCL 333.27956(2)(b). The Village exercised this right with Ordinance 43 ("Marijuana Ord. 43") on April 6, 2022, and required any operating marijuana establishment in the Village to obtain a local MRTMA permit. *See* MCL 333.27956(3).

Marijuana Ord. 43 established the application process and content requirements (PageID.24-26). The Village Council was responsible for determining the opening of the application window (PageID.24). Applications must contain over 12 categories of detailed information regarding the planned operation of the marijuana establishment (PageID.24-26). If there is more than one applicant for a local marijuana operating permit, MRTMA may require competitive review. MCL 333.27959(4).

## III.    Ordinances Adopted and Applications Submitted

The Village was approached to consider whether to "opt-in" in November 2021 during public comment by Sue LaBonville (ECF No. 1, PageID.3; **Exhibit A,**

3

Village Minutes, 11/8/2021, p 1).[1] At the next Council meeting the issue was further explored, including "approximately one hour" of public comment (**Exhibit B,** Village Minutes, 12/13/2021, p 1). Discussion continued in January (**Exhibit C,** Village Minutes, 1/10/2022, p 1). The Village directed the Commission to schedule a public hearing regarding marijuana zoning (**Exhibit D,** Village Minutes, 3/14/2022, p 2). On April 6, 2022, after a public hearing and recommendation from the Commission, the Village adopted Zoning Ord. 42 amending the zoning ordinance to create the Marijuana Overlay District (Notice of Adoption, PageID.52). Next, the Village implemented the regulatory framework, requiring a local MRTMA permit under Marijuana Ord. 43 (Notice of Adoption, PageID.52).

The zoning regulations under Zoning Ord. 42 became effective seven days after publication. *See* MCL 125.3401(6). The operating regulations under Marijuana Ord. 43 became effective 20 days after publication. *See, generally*, MCL 66.1. The zoning ordinance therefore became effective first, on April 16, 2022. The regulatory ordinance became effective later, on April 29, 2022 (ECF No. 1, PageID.7).

---

[1] The consideration of public records is appropriate in this motion. *See New England Health Care Emp. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) (Under Rule 12(b)(6), the Court may consider "materials [that] are public records or are otherwise appropriate for the taking of judicial notice"); *Wyser-Pratte Mgmt. Co., Inc. v. Texlon Corp.*, 413 F.3d 553 (6th Cir. 2005) (The Court "may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice"). Village minutes are both public records and integral to the complaint.

LaBonville filed her SUP application the morning the ordinance became effective, April 16, 2022. (ECF No. 1, PageID.7). Plaintiff filed its SUP application "[o]n or around May 10, 2022" (ECF No. 1, PageID.7). On May 24, 2022, the Planning Commission reviewed LaBonville's SUP application and recommended approval of the same (ECF No. 1, PageID.7). The Village Council agreed and issued a SUP to LaBonville (ECF No. 1, PageID.8).

Plaintiff's zoning application was incomplete and could not be processed properly because it lacked an electronic copy for review (ECF No. 1, PageID.8). Plaintiff submitted its files on June 10, 2022, and was advised of deficiencies four days later on June 14, 2022 (ECF No. 1, PageID.8). Four specific defects were cited:

1. General Topographical features, including contours at no greater than two feet pursuant to Zoning Ordinance Section 14.1(C)(2)(a)(2)(viii).
2. The gross area in parking, private streets and drives, and open space was not provided pursuant to Section 14.1(C)(2)(a)(2)(ix).
3. A proposed method of providing storm drainage was not shown pursuant to Section 14.1(C)(2)(a)(2)(xii).
4. An occupant load is provided but not a computation of parking pursuant to Section 14.1(C)(2)(a)(2)(xiii). [(Kuschel email, 6/14/2022, PageID.57.)]

Plaintiff was also advised of the general delay in hearing applications for a SUP. *Id.*

The Village opened the application window for local MRTMA permits at its regular meeting on June 13, 2022 (ECF No. 1, PageID.8). Although Plaintiff was not present at the June 13 meeting, Attorney Kuschel advised it the next day that the application window had opened (ECF No. 1, PageID.57). The Village received only

one application, which was submitted on June 14 (**Exhibit F,** Village Minutes, 7/11/2022, p 1). After discussion of the 159-page application, the Village Council issued a local MRTMA permit to the only applicant: LaBonville (*Id.* at 2; ECF No. 1, PageID.9). Under Marijuana Ord. 43, Plaintiff did not apply for a permit (*Id.*).

At its regular meeting on July 12, 2022, the Planning Commission considered Plaintiff's SUP application (ECF No. 1, PageID.9). The Commission noted that the "[i]nitial application was incomplete; supplemental documents submitted June 2022" (**Exhibit E,** Planning Com'n Minutes, 7/12/2022, p 2). "Additional drawings and information [was] submitted 7/12/22; sent to the Village president and attorney but not the Planning Commission." (*Id.*) The Commission recommended the special use permit be denied (*Id.*; ECF No. 1, PageID.9). The Village Council agreed at its next meeting and denied the SUP application (ECF No. 1, PageID.9-10). Plaintiff did not—and does not—allege any appeal of this denial.

## ARGUMENT

### I. UNDER RULE 12(b)(7), PLAINTIFF MUST JOIN LABONVILLE WHEN PLAINTIFF SEEKS TO ENJOIN PERMITS ALREADY ISSUED TO HER.

Fed. R. Civ. P. Rule 12(b)(7) provides a party may move for dismissal for the "failure to join a necessary party under Rule 19." Fed. R. Civ. P. Rule 19(a)(1) provides that a person "must be joined" if "the court cannot accord complete relief

among existing parties" or failure to join would "impair or impede the person's ability to protect the interest." Both are true in this case.

Plaintiff's claims must be dismissed absent joinder of LaBonville because she is a necessary party. Plaintiff's complaint seeks a permanent injunction against the Village preventing the award[2] of permits to LaBonville (ECF No. 1, PageID.17). Moreover, Plaintiff has additionally sought preliminary injunctive relief enjoining the Village from awarding permits to LaBonville (ECF No. 6, PageID.66-205). Simply put, it would be unjust for this Court to grant Plaintiff's requested relief impairing LaBonville's issued permits without her participation and defense of her interests. This action should not proceed without LaBonville joined as a party.

## II. UNDER RULE 12(b)(6), PLAINTIFF'S CLAIMS FAIL AS A MATTER OF LAW WHERE PLAINTIFF HAS NO PROPERTY INTEREST, THE VILLAGE FAIRLY REVIEWED PLAINTIFF'S INCOMPLETE SUP APPLICATION, AND PLAINTIFF DID NOT APPLY FOR A LOCAL MARIJUANA PERMIT.

A party may move to dismiss a lawsuit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471,

---

[2] Notably, the Village has *already issued* the permits Plaintiff seeks to enjoin. Therefore, Plaintiff's claims are also moot because it is impossible to grant the requested relief. *See Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, 639 F.3d 711, 713-14 (2011).

476 (6th Cir. 2007). However, a court reviewing a motion to dismiss "need not accept as true legal conclusions or unwarranted factual inferences." *Id.*

"[L]egal conclusions masquerading as factual allegations will not suffice." *Edison v. State of Tenn. Dep't. of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). A "Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A "plaintiff armed with nothing more than conclusions" will be dismissed. *Id.*

A. **Plaintiff's Due Process Claims Fail Because Plaintiff has No Protected Property Interest and Plaintiff Failed to Avail Itself of Any Process.**

The Fourteenth Amendment of the United States Constitution "has both a substantive and a procedural component." *EJS Properties, LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012). Procedural due process is "the requirement that the government provide a fair procedure when depriving someone of life, liberty, or property." *Id.* (cleaned up). Substantive due-process claims "in the context of zoning regulations require a plaintiff to show that (1) a constitutionally protected property or liberty interest exists, and (2) the constitutionally protected interest has been

deprived through arbitrary and capricious action." *EJS Properties, LLC*, 698 F3d at 855 (cleaned up). To have a protected property interest in the governmental procedure context, a person must have a legitimate claim of entitlement to that benefit, being "more than an abstract need or desire and more than a unilateral expectation" by having "legitimate claim of entitlement" to a benefit. *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 756 (2005) (cleaned up). There can be "no legitimate claim of entitlement to a discretionary decision" of a local government. *Richardson v. Twp. of Brady*, 218 F.3d 508, 517 (6th Cir. 2000). In a discretionary zoning decision, "the permit applicant has no constitutionally protected property interest." *Exclusive Brands LLC v. City of Garden City, Mich.,* No. 19-CV-11062, 2020 WL 5367331 (E.D., Mich 9/8/2020); *EJS Properties, LLC*, 698 F3d at 856.

Plaintiff alleges that the Village violated its rights to both substantive and procedural due process. However, both of Plaintiff's due process claims fail as a matter of law for two reasons: (1) Plaintiff has no legally protected property interest, and (2) Even if it did have a protected property interest, Plaintiff received a fair hearing and the Village's decision was not out of animus but was founded on rational bases. Plaintiff's due process claims fail as a matter of law.

### 1. Plaintiff has no protected property interest in a discretionary government approval such as a pending SUP application.

The Sixth Circuit has consistently rejected claims premised upon procedural injury during a pending permit process because an applicant has no protected property interest. In *Richardson*, the plaintiff operated a pig farm and sought to expand but would need "approximately 4,200 pigs" while the township's ordinance limited the number to 1,999. *Richardson*, 218 F.3d at 510-11. The farmer sought to exceed the limit by interpretation or amendment. *Id.* at 511. He applied for an interpretation but the Zoning Board of Appeals did not act on the application. *Id.* Richardson then sued on several theories, including due process. *Id.* at 512.

First, the plaintiff argued that "he was deprived of procedural due process because of the township's delay in processing his requested text amendment" where the township "stalled" the review for over a year. *Id.* at 516. The Sixth Circuit noted the plaintiff "must establish the existence of a protected property interest" and he had "no legitimate claim of entitlement to a discretionary decision" of the Township. *Id.* (emphasis added). Second, the plaintiff argued that by "failing swiftly to execute its procedures the township has deprived him of that property right without due process." *Id.* Again, the Sixth Circuit held the plaintiff did not have a protected property interest even though the township delayed acting on his submitted application for over a year. *Id.* at 518.

Similar, although less dramatic, facts are at play here. Plaintiff in this case has no protected property interest but only articulates a mere desire for a license to operate a retail marijuana establishment. (Plaintiff apparently submitted its SUP in an effort to obtain a local MRTMA permit but did not submit that application.) Notably, Plaintiff's complaint does not address its purported property interest in this case (ECF No. 1, PageID.10-13). Failure to establish a property interest in its pleadings means the due-process claims must fail.

The Eastern District of Michigan recently applied the Sixth Circuit's precedent to a similar due process challenge with a frustrated marijuana permit applicant in *Exclusive Brands LLC v. City of Garden City, Michigan,* No. 19-CV-11062, 2020 WL 5367331 (E.D. Mich. Sept. 8, 2020). In *Exclusive Brands LLC*, the plaintiff sought a special use permit from the City of Garden City to operate a medical marijuana facility. *Id*. at *3. City officials advised the plaintiff to submit its application by August 13, 2018, despite knowing that the city council intended to enact a moratorium on new medical marijuana facilities effective August 7, 2018. *Id*. The plaintiff entered into a $1.2 million purchase agreement contingent on acquiring the SUP and alleged deprivation of his due process rights. *Id*.

In dismissing the plaintiff's substantive and procedural due process claims, the Court held that "[i]n the context of a discretionary zoning decision, where an entity granting a zoning permit has discretion to deny a permit application despite

applicant's compliance with the minimum requirement, **the permit applicant has no constitutionally protected property interest**." *Id.* at *11 (emphasis added). The court went on to elaborate that "[b]ecause the City Council denied Plaintiff's special use permit application pursuant to this complete discretionary authority, Plaintiff does not have a constitutionally protected property interest with a special use permit for a medical marijuana facility." *Id.* The court applied identical reasoning to dismiss the plaintiff's procedural due process challenge stating that "[b]ecause Plaintiff fails to establish the existence of a protected property interest with regards to the special use permit for a medical marijuana facility, Plaintiff fails to plausibly allege a viable procedural due process claim." *Id.* at *12.

In this case, even assuming for the sake of argument that Plaintiff's application for a special use permit had been perfected and complete, Zoning Ord. 42 gives the Village Council the discretion to deny Plaintiff a permit:

> F. The Village Council, in making its decision, shall consider the application, the Planning Commission recommendation, and the applicable standards of this ordinance and all other permits, certificates, rules or regulations and do one of the following:
> > 1. Grant final approval to the application and issue the Special Land Use    permit; or
> > 2. Reject the Application stating the reasons for such rejection.

Thus, Plaintiff does not have a protected property interest in the SUP because the Village Council retained full discretion to reject the permit. With no protected

property interest, both its substantive and procedural due process challenges must be dismissed.

> **2.      Plaintiff's due process claims fail as a matter of law because Plaintiff was treated equally with the other applicant and Village's decision to deny Plaintiff's permit stems from its own application failures.**

Plaintiff complains the process it received in applying for an SUP and alleges favoritism (ECF No. 1, PageID.10-13). In point of fact, Plaintiff did not act expeditiously through the application process and submitted numerous deficient applications that resulted in further delay.

Plaintiff submitted its initial application on or around May 10, 2022—more than a month after public notices of the adoption. By Plaintiff's own admission, its initial application was incomplete (ECF No. 1, PageID.8; Zoning Ord. 43 § 15.1(A)(1); PageID.43). Plaintiff's amended application was not "resubmitted" until June 10, 2022. Even then, however, Plaintiff admits that the application as submitted "failed to include certain topographical features in its site plan as required by 'Section 14.1(C)(2)(a)(2)'" (ECF No. 1, PageID.8). Plaintiff does not dispute that these applications as submitted—whether in May or June—failed to comply with the site plan requirements.

Importantly, Zoning Ord. 42 did not make any changes addressing site development requirements and special land uses in any district continued to be subject to site plan review. *See* Zoning Ordinance, § 14.1(B)(1)(a)(2); **Exhibit G**,

Sanford Zoning Ordinance, 6/24/1998, p. 55). Those application requirements—with which the LaBonville Application complied—consistently required an applicant's site plan to include general topographical features (*Id.* at § 14.1(C)(2)(a)(2)(viii)). The requirements of all site plans before and after Zoning Ord. 42 are precise, consistent, and missing from Plaintiff's application.

> **B.     Plaintiff's Class-of-One Claim Fails where Plaintiff is not similarly situated to LaBonville because it submitted incomplete applications, did not apply for an operating permit, and did not negate the Village's rational bases.**

Under the Equal Protection Clause, the government cannot make distinctions that 1) burden a fundamental right; 2) target a suspect class; or 3) intentionally treat one individual differently from others similarly situated without any rational basis. *Radvansky v. City of Olmsted Falls,* 395 F.3d 291, 312 (6th Cir. 2005). Plaintiff's Count II is a "class-of-one" claim. *See Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 574-75 (6th Cir. 2005).

To succeed on such a claim, there are two requirements: (1) the Plaintiff must demonstrate similarly situated individuals have been treated differently; and (2) the Plaintiff must "negate every conceivable basis which might support [the government's differential treatment]," or show the government action was motivated by animus. *Braun*, 519 F.3d at 575; *In re City of Detroit*, 841 F.3d 684, 702 (6th Cir. 2016) (discussing negating every conceivable basis within pleadings).

### 1. Plaintiff and LaBonville are not similarly situated where Plaintiff submitted an incomplete application, applied nearly one month later than LaBonville, and did not apply for a marijuana operating permit.

The basis of any class-of-one equal protection claim is that the government has treated similarly situated individuals differently. A person is similarly situated when they are similar in all material respects. *Loesel v. City of Frankenmuth*, 692 F.3d 452, 462 (6th Cir. 2012).

Plaintiff's class-of-one claim must fail because it does not allege with particularity how the parties are similarly situated. Plaintiff alleges only a legal conclusion that LaBonville "was a similarly situated comparator to Plaintiff for all purposes relevant to their respective applications for an [SUP] under [Zoning Ord. 42] and for a Marijuana Establishment Permit pursuant to [Marijuana Ord. 43]" (ECF No. 1, PageID.14).[3] To sufficiently allege LaBonville was similarly situated, Plaintiff would have had to allege all material respects related to the application.

The complaint only alleges Plaintiff and LaBonville both applied for a SUP and then assumes they were similarly situated for all material purposes. They are not similarly situated because: (1) Plaintiff's application was submitted nearly a month

---

[3] There can be no dispute that they are not similarly situated under Marijuana Ord. 43 where LaBonville submitted a complete application and Plaintiff did not attempt to submit an application.

later than LaBonville, and (2) Plaintiff submitted an incomplete application that was riddled with deficiencies that required Plaintiff to resubmit its application.

First, LaBonville filed her SUP application the morning the ordinance became effective, April 16, 2022. On the other hand, Plaintiff filed its SUP application "[o]n or around May 10, 2022" (ECF No. 1, PageID.7). Plaintiff did not apply close in time to LaBonville, but weeks later. Plaintiff could have submitted an SUP application anytime in April but did not. Plaintiff alleges that "applications would be scheduled for hearings in the order in which they were submitted." But Plaintiff had just as much ability to apply early as any other applicant. After waiting several weeks, Plaintiff cannot now complain that the Village acted first on the initial application.

Second, Plaintiff's zoning application was incomplete and could not be processed properly. Upon submitting the required files, it was reviewed within four days. Even with the additional time to cure defects, the application contained material deficiencies regarding: 1) topographical features, 2) area and size of development features, 3) storm drainage control, and 4) satisfaction of parking requirements. If the Planning Commission had immediately scheduled a hearing as Plaintiff desires, then its application would have been rejected for its several failures.

Additionally, the Sixth Circuit has already rejected a class-of-one challenge to a site plan review which alleged delays caused a loss of business. Raymond

16

Shavers sought to "build a pole barn on his property" and even had tenant to "lease storage space in the barn." *Shavers v Almont Twp, Michigan*, 832 Fed.Appx. 933, 934–40 (6th Cir. 2020). Around October 2017, Shavers submitted a site plan to the township zoning administrator, who "deemed the application 'complete'" and told him he could start construction. *Id.* at 935. However, the Planning Commission had not approved the site plan. *Id.* The Planning Commission and their engineers "raised numerous issues—namely missing required information—with the plan." *Id.* Revised site plans were submitted in December 2017, January 2018, and February 2018 but each was "deficient" for any number of reasons, including "drainage" and "parking." *Id.* at 936. Shaver received conditional approval in May 2018 and final approval on June 13, 2018. *Id.* Because of the delay, he lost the tenant. *Id.*

The Sixth Circuit first reviewed Shavers' reliance "on the 'class of one' theory of discrimination." *Id.* The Court held the township had a rational basis to deny approval of the site plan over the six month period: namely, the professional advice that the application was incomplete. *Id.* at 938. Reliance on "a professional's advice provides a 'conceivable basis' to reject a class-of-one claim." *Id.*

Similarly here, Plaintiff cannot sustain an equal protection challenge. Plaintiff admits that its application was deficient. The defects are a legitimate basis to require not only resubmission but even denial of the application. Here, Plaintiff's own pleadings establish the deficiency of its application. Further, Plaintiff did not attempt

17

to cure deficiencies until the morning of the hearing on its application. Unlike Shaver—who sought approval over more than six months—Plaintiff merely had to wait a few weeks until the next regular meeting of the Planning Commission and it used all that time to cure defects in its application.

In short, Plaintiff's class-of-one claim must fail because the applicants are not similarly situated. Rather, the allegations in the complaint illustrate that Plaintiff's application materially differed from the first application submitted.

> **2.     Plaintiff's class-of-one claim fails as a matter of law because Plaintiff has not alleged such actions were motivated by animus nor negated the rational basis which support the Village's actions.**

"'To survive a motion to dismiss in the rational basis context, a Plaintiff must allege facts sufficient to overcome the presumption of rationality that applies to government classifications." *In re City of Detroit*, 841 F.3d at 702 (cleaned up). This is required for good reason: "It is always possible for persons aggrieved by government action to allege, and almost always possible to produce evidence, that they were treated differently from others, with regard to everything from zoning to licensing to speeding to tax evaluation." *Loesel*, 692 F.3d at 461-62 (quoting *Jennings v. City of Stillwater*, 383 F.3d 1199, 1210-11 (10th Cir. 2004)). Such a process "would constitute the federal courts as general-purpose second-guessers of the reasonableness of broad areas of state and local decision-making: a role that is

both ill-suited to the federal courts and offensive to state and local autonomy in our federal system." *Id.*

A "class of one" plaintiff may show a lack of rational basis in one of two ways: either by undercutting "every conceivable basis which might support the government action" or by "demonstrating that the challenged government action was motivated by animus or ill-will." *Warren v City of Athens, Ohio*, 411 F.3d 697, 711 (6th Cir. 2005).

"Animus is defined as ill will, antagonism, or hostility usually controlled but deep-seated and sometimes virulent. Similarly, ill will is defined as an unfriendly feeling: animosity, hostility." *Loesel*, 692 F3d at 466 (citation and quotation marks omitted). Plaintiff does not allege any deep-seated hostility, antagonism, or animosity. It only alleges that the Village had a "personal preference" for LaBonville or there were "personal relationships" between LaBonville and the Village (ECF No. 1, PageID.14-15). But positive personal relationships with one candidate do not create animosity or hostility toward another candidate.

Nor has Plaintiff negated the rational bases distinguishing it from LaBonville. In *In re City of Detroit*, the Sixth Circuit addressed the "uphill climb" a plaintiff faces in establishing a valid class-of-one claim at the pleading stage. *Id.* at 701. In that case, a group of delinquent residential water customers alleged a class-of-one equal protection violation because their water had been shut off by the Detroit Water

and Sewerage Department ("DWSD"), while delinquent commercial customers did not have their water shut off. *Id.* at 689. The Sixth Circuit stated the plaintiff's complaint "include[d] no facts rebutting the likely non-discriminatory reasons DWSD may treat residential and commercial customers differently" including possibilities that "commercial water customers have more complex service connections" and the city may not want to "caus[e] layoffs and other undesirable economic consequences." *Id.* at 702. As a result of the plaintiff not pleading facts that could plausibly negate the "non-discriminatory reasons" for differential treatment, the Sixth Circuit upheld the dismissal of the class-of-one claim as a matter of law. *Id.* at 702.

At a minimum, Plaintiff must negate the most likely non-discriminatory reasons for the Village's decision. *In re City of Detroit*, 841 F.3d at 701. In this case, Plaintiff has wholly failed to negate any reason the Village had in approving the first application. First, Defendant may issue an SUP to the first applicant who submitted a completed application. Plaintiff does not dispute LaBonville applied in April while it applied in May. It is unsurprising that her application received consideration first.

Second, the Planning Commission noted in its minutes that Plaintiff failed to correctly apply for a SUP several times. Plaintiff failed to address topographical features, size of development features, storm drainage, and parking requirements. LaBonville's ownership of her property and Plaintiff's speculative lease are yet

another basis. See *EJS Properties, LLC*, 698 F3d at 865 ("Unlike EJS, TPS owned the relevant property when it applied for re-zoning"). Plaintiff's deficiencies in its application are not reasonably disputed and are valid reasons for the decision.

No allegations in the complaint establish Plaintiff and LaBonville as similarly situated. No animus is alleged. Plaintiff does not even attempt to negate the Village's rational reasons in issuing the permits to LaBonville. Instead it is attempting to invoke this Court as a general-purpose second-guesser of local decision-making. See *Loesel*, 692 F.3d at 462.

### C.  Plaintiff's MRTMA Claims Fail as a Matter of Law Because It Did Not Apply for a Local Permit or a State License Under State and Local Law.

Plaintiff did not submit an application under Marijuana Ord. 43 and therefore there are no competing applications for competitive review. MRTMA implements a competitive review **only if** "a municipality limits the number of marijuana establishments" under MCL 333.27956 **and** "that limit prevents the department [(that is, the Michigan CRA)] from issuing a state license to all applicants" **then** "the municipality shall decide among competing applications by a competitive process." MCL 333.27959(4) (emphasis added). Therefore, a competitive review process is only required when there is more than one applicant for a local marijuana permit and the state cannot issue a state license to every applicant.

In this case, Plaintiff does not allege it applied for a marijuana permit. Plaintiff and its agents had actual knowledge that the application window had opened. But the Village received only one application, which was submitted on June 14 by LaBonville (**Exhibit F,** Village Minutes, 7/11/2022, p 1). **The Village was not required to undergo a competitive review process because there was only one application.** Plaintiff could have applied under Marijuana Ord. 43 indicating the pendency of its SUP application. Instead it made the conscious choice to not apply.

Second, even if there were multiple applications, statute only requires competitive review where Michigan cannot issue a state license to an otherwise compliant state applicant. MCL 333.27959(4). Plaintiff makes no allegation that it applied for a state license. Competitive review was not required.

## III. *BURFORD* ABSTENTION REQUIRES THIS COURT TO DECLINE TO EXERCISE JURISDICTION OVER PLAINTIFF'S CLAIMS.

Federal courts may abstain from exercising jurisdiction when there is a need to defer to complex state administrative procedures. *Burford v. Sun Oil Co.*, 319 U.S. 315, 317-18 (1943). *Burford* abstention is appropriately invoked by a federal court in two instances: (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends" the case bar; or (2) where federal review "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *New Orleans*

*Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 361 (1989). (citations omitted). In application, *Burford* abstention requires an equitable decision balancing "the strong federal interest in having certain classes of cases, and certain federal rights, adjudicated in federal court, against the State's interests in maintaining uniformity in the treatment of an essentially local problem." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728 (1996). In the Sixth Circuit, *Burford* abstention has been exercised sparingly but generally where "federal involvement would disrupt a coherent state policy." *See Saginaw Hous. Com'n v. Bannum, Inc.*, 576 F.3d 620, 626 (6th Cir. 2009) (citing cases).

Ultimately, the heart of Plaintiff's claim—the licensing process under MRTMA—requires addressing difficult questions of Michigan law bearing on policy problems of substantial public import.

In *MacDonald v. Vill. of Northport, Mich.*, 164 F.3d 964, 966 (6th Cir. 1999), homeowners claimed a public use of a right-of-way interfered with the enjoyment of their property. *Id.* at 966. They sued the Village of Northport and others asking the court to vacate the right-of-way. *Id.* at 967. The District Court held that the presence of a comprehensive state regulatory scheme involving state land use law required abstention. *Id.* The Sixth Circuit held the Land Division Act provided review by the state circuit court and "Michigan ha[d] developed a systematic process to evaluate claims by landowners that limit the public's ability to access water

23

sources" such as the one in that case. *Id.* at 968. The court thought important that "Michigan ha[d] established a policy" that "consolidated judicial review of these cases in the local forums best suited to adjudicate the local issues and facts raised in such cases." *Id.* at 969. In sum, the Sixth Circuit held *Burford* abstention appropriate "[b]ecause Michigan law provides a regulatory scheme to address disputes relating to land use" and the State had a relevant interest in plat supervision. *Id.* at 966.

This case implicates Michigan's interest in regulating recreational marijuana establishments. Plaintiff alleges the denial of a special use permit violates MRTMA. This case deals with a land-use issue that implicates a significant state policy—the regulation of recreational marijuana. MRTMA did not leave the issuance of a marijuana establishment permit to the localities themselves. *See Saginaw Hous. Com'n*, 576 F.3d at 627. Rather, MRTMA requires the state to issue its own state license, MCL 333.27959(1), and established comprehensive application and operational regulations, *see* Mich Admin Code, R 420.1 *et seq*. MRTMA actively involves the State in the processing of recreational marijuana establishment licenses.

Federal review of Plaintiff's claims is inappropriate because it would require bypassing Michigan's administrative scheme granting recreational marijuana establishment permits and would require an intervention into the issues of state law and policy. In following the principles of comity and federalism, this Court should remand this case to Michigan courts for adjudication.

## CONCLUSION AND REQUEST FOR RELIEF

Plaintiff's claims fail as a matter of law. There is no allegation of a protected property interest and, as a matter of law, Plaintiff cannot have a property interest in the discretionary approval of a special use permit application. Even so, the Village considered Plaintiff's application on the same footing as LaBonville and the Village's denial was predicated on the deficiencies throughout Plaintiff's application. Further, Plaintiff did not apply for the required MRTMA permit. This distinguishes Plaintiff from LaBonville and also provides a basis to deny the SUP application. Plaintiff cannot overcome the rational bases for denial. Finally, Plaintiff could not operate a marijuana retailer because it did not bother to apply for an operational permit to do so.

The Village prays this honorable Court to dismiss this action and award the Village it's attorney fees and costs in defending this action.

Respectfully submitted,

Fahey Schultz Burzych Rhodes PLC
Attorneys for Defendant

Dated:  November 14, 2022

Christopher S. Patterson (P74350)
Matthew A. Kuschel (P76679)
4151 Okemos Road
Okemos, MI 48864
(517) 381-0100

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument, and related documents, if any, was served upon the attorneys of record of all parties by the court's efiling/service system on November 14, 2022. The above statement is true to the best of my knowledge, information and belief.

Respectfully submitted,

Fahey Schultz Burzych Rhodes PLC
Attorneys for Defendant

Christopher S. Patterson (P74350)
Matthew A. Kuschel (P76679)
4151 Okemos Road
Okemos, MI 48864
(517) 381-0100

26